IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

**Erosion Technology Services, LLC,**
5019 County Road 120
Berlin, Ohio 44610,

   Plaintiff,

v.

**Filtrexx International, LLC,**
35481 Grafton Easter Road
Grafton, Ohio 44044,

   Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 1:13-cv-690

Judge Solomon Oliver, Jr.

Magistrate

**<u>FIRST AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT OF
NONINFRINGEMENT AND
AND INVALIDITY OF PATENT, AND
DECLARATORY JUDGMENT ON OTHER
STATE AND FEDERAL CLAIMS</u>**

*(Jury Demand Endorsed Hereon)*

  NOW COMES the Plaintiff, *Erosion Technology Services, LLC,* and for its First Amended Complaint against the Defendant hereby alleges and avers the following:

<u>**THE PARTIES**</u>

1. The Plaintiff, Erosion Technology Services, LLC, is a limited liability corporation duly organized and operating under the laws of Ohio, and has its principal place of business in Berlin, Ohio, which is in Holmes County.

2. The Defendant, Filtrexx International, LLC, is a limited liability is a limited liability corporation organized and operating under the laws of Ohio, and has its principal place of business in Grafton, Ohio, which is in Lorain County.

3. The Defendant purports to be the assignee and owner of United States Patent Nos. 7,226,240 (hereinafter referred to as "the '240 patent") and 7,452,165 (hereinafter referred to as "the '165 patent").

## JURISDICTION AND VENUE

4. There is an actual justiciable case or controversy pursuant to 28 U.S.C. § 2201 regarding the validity and infringement of the '240 patent and the '165 patent.  A judicial declaration that the claims of the "'240 patent and the '165 patent are invalid and that the Plaintiff has not infringed any valid claim of the '240 patent and the '165 patent is necessary and appropriate at this time so that the Plaintiff may ascertain its rights and duties with respect to '240 patent and the '165 patent.

5. This Court has subject matter jurisdiction over this Complaint under 28 U.S.C. § 2201, 2202, and 1338 as a declaratory judgment action arising under the patent laws, Title 35 of the United States Code.  The Court has supplemental jurisdiction over the Plaintiff's state law claims as the matters arise from the same controversy and are so integral to the federal claims that they should be adjudicated as part of this lawsuit.

6. This Court has personal jurisdiction over the Defendant by virtue of the Defendant's conduct within the State of Ohio, within this judicial district.  The Defendant has issued a cease and desist letter to the Plaintiff within this judicial district, which invokes personal jurisdiction in the Northern District of Ohio.

7. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391 and 1400.  The Defendant's principal place of business is located in this judicial district.

**FACTUAL ALLEGATIONS**

8. The Defendant sent the Plaintiff a cease and desist letter dated September 19, 2012. <u>(See a true and accurate copy of the cease and desist letter attached hereto as "Exhibit 1.")</u>

9. In their letter, the Defendant alleges that the Plaintiff had "engaged in the unauthorized and wrongful misappropriation of various Filtrexx trademarks, patents, trade secrets, and other confidential and proprietary information".   While the Defendant failed to include any reference to  any particular patents that were being infringed, a search of the publicly available records at the Patent Assignment Database indicated only two patents licensed to the Defendant, i.e. United States Patent Nos. 7,226,240  and 7,452,165.  <u>(A copy of the '240 patent is attached hereto as "Exhibit 2;"  A copy of the '165 patent is attached hereto as "Exhibit 3."   A copy of the Patent Assignment Database is attached hereto as "Exhibit 4.")</u>

10. The Defendant alleges that the Plaintiff's erosion control products infringes upon the '240 patent and/or the '165 patent.  <u>(See a second Cease & Desist letter dated March 22, 2013 issued by Defendant to Plaintiff attached as "Exhibit 5," which includes a draft complaint that references both the '240 and '165 patents at page 4.)</u>

11. In actuality, the Plaintiff's product does not infringe either the '240 patent or the '165 patent. <u>(See a thorough design patent noninfringement chart analysis attached hereto as "Exhibit 6," which compares the allegedly infringing product to the '240 patent and the analysis attached hereto as "Exhibit 7," which compares the alleged infringing products to the '165 patent. The attached noninfringement charts are illustrative purposes only, and the Plaintiff reserves its rights to alter, amend, or modify its claims positions pursuant to the local patent rules.)</u>

12. The Plaintiff has had its product reviewed by patent counsel and at times relevant received an advice of counsel opinion of noninfringement.  Further, at Plaintiff's request the Plaintiff and Defendant have met to discuss in particularity specific issues of concern to Defendant. To date, the Defendant has failed to make any specific infringement contentions to Plaintiff that would allow any additional analysis or review.  Thus, if Plaintiff's product were found to be infringing, any infringement was not willful.

13. Further, at Plaintiff's request the Plaintiff and Defendant have met to discuss potential non-judicial resolution to any dispute, and in a good faith effort toward resolution had requested possible royalty rates for Defendant's patents since a reasonable royalty on Plaintiff's sales of its allegedly infringing product would have been insignificant.  However, the only demand made to date by Defendant on Plaintiff has been for complete and total cessation of all product sales whatsoever.

14. Given that the Defendant's cease and desist letter, and in subsequent correspondences and discussions, has alleged infringement and threatened litigation, the Plaintiff files this action to ascertain its rights with respect to noninfringement and invalidity of the '240 and '165 patents.

## CLAIM NO. 1
*(Declaratory Judgment of Noninfringement)*

15. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

16. This claim arises under the Declaratory Judgment Act, 28 USC § 2201 *et seq.*, and the patent laws of the United States, 35 USC § 1 *et seq.* and seeks a declaratory judgment that Plaintiff has not and does not infringe any valid and enforceable claims of the '240 and '165 patents.

17. The Defendant is the assignee and owner of the '240 patent and the '165 patent.  (Ex. 4.)

18. The Defendant has issued a cease and desist letter alleging infringement of the claims of either the '240 patent or the '165 patent, or both.  (Ex. 1, and Ex. 5.)

19. The Plaintiff does not make, use, offer to sell or sell, within the United States, or import into the United States, any product that infringes any valid and enforceable claim of the '240 patent, either directly, indirectly, contributorily, or otherwise, and has not induced others to infringe any valid and enforceable claim of the '240 patent.  (Ex. 6.)

20. The Plaintiff does not make, use, offer to sell or sell, within the United States, or import into the United States, any product that infringes any valid and enforceable claim of the '165 patent, either directly, indirectly, contributorily, or otherwise, and has not induced others to infringe any valid and enforceable claim of the '165 patent.  (Ex. 7.)

21. A judicial declaration is necessary under the circumstances to resolve this controversy.

22. The Plaintiff requests a declaratory judgment that it does not make, use, offer to sell or sell, within the United States, or import into the United States, any product that infringes any valid and enforceable claim of the '240 patent nor the '165 patent, either directly, indirectly, contributorily, or otherwise, and has not induced others to infringe any valid and enforceable claim of the '240 patent nor the '165 patent.

## CLAIM NO. 2
*(Declaratory Judgment of Invalidity)*

23. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

24. This claim arises under the Declaratory Judgment Act, 28 USC § 2201 *et seq.*, and the patent laws of the United States, 35 USC § 1 *et seq.* and seeks a declaratory judgment that the '240 and '165 patents are invalid and/or unenforceable.

25. The Defendant is the assignee and owner of the '494 patent.  (Ex. 4.)

26. The Defendant has issued a cease and desist letter alleging infringement of the claims of the either the '240 patent or the '165 patent.  (Ex. 1, and Ex. 5)

27. The claims of the '240 patent are and have been invalid and void on the grounds that the purported invention, attempted to be patented therein, fails to meet the conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, the conditions specified in 35 USC §§ 101, 102, 103, 112, and/or 305 of the Code.

28. A judicial declaration is necessary under the circumstances to resolve this controversy.  The Plaintiff is entitled to a declaratory judgment that each of the claims of the '240 patent are invalid.

29. The claims of the '165 patent are and have been invalid and void on the grounds that the purported invention, attempted to be patented therein, fails to meet the conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, the conditions specified in 35 USC §§ 101, 102, 103, 112, and/or 305 of the Code.

30. A judicial declaration is necessary under the circumstances to resolve this controversy.  The Plaintiff is entitled to a declaratory judgment that each of the claims of the '165 patent are invalid.

## CLAIM NO. 3

*(Declaratory Judgment re: Defendant's allegations of Plaintiff's*
*(i) Intentional Interference with business and contractual relationships,*
*(ii) unfair competition, (iii) defamation, and (iv) deceptive trade practices)*

31. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

32. This claim arises under the Declaratory Judgment Act, 28 USC § 2201 *et seq.*

33. In the cease & desist letter sent to the Plaintiff by Defendant's counsel dated March 22, 2013 (Ex. 5), the Defendant attached a lawsuit and threatened to file it that alleges that the Plaintiff engaged in intentional interference with business and contractual relationships, unfair competition, defamation, and deceptive trade practices.

34. The Plaintiff maintains it has not violated any laws and has not engaged in the causes of actions alleged by the Defendant.

35. The Plaintiff is entitled to a judicial declaration that it has not engaged in the illegalities alleged and threatened by the Defendant.

## PRAYER FOR RELIEF / REQUEST FOR REMEDIES

WHEREFORE, the Plaintiff prays that this Court to enter an Order in favor of the Plaintiff and against the Defendant, including, but not limited to:

A) A declaratory judgment that none of the Plaintiff's products infringe or have infringed, either directly or indirectly, or contributorily, any valid claim of the '240 patent;

B) A declaratory judgment that the claims of the '240 patent are invalid;

C) A declaratory judgment that none of the Plaintiff's products infringe or have infringed, either directly or indirectly, or contributorily, any valid claim of the '165 patent;

D) A declaratory judgment that the claims of the '165 patent are invalid;

E) A declaratory judgment that the Plaintiff has not engaged in any unlawful acts, and the Plaintiff has not engaged in intentional interference with business and contractual relationships, unfair competition, defamation, or deceptive trade practices;

F) A declaratory judgment that Defendant is not entitled to any injunctive relief as a remedy;

G) A declaration that this case is exceptional under 35 USC § 285 and award the Plaintiff its attorney's fees, costs, and expenses incurred in this action; and,

H) Any further relief in law or equity that this honorable Court deems just and appropriate.

## **JURY DEMAND**

WHEREFORE, the Plaintiff requests a trial by jury on all issues so triable by the maximum number of jurors permitted by law.

1

2

3       Most Respectfully Submitted,

4

5

6      __/s/ David A. Welling_____

      **DAVID A. WELLING (0075934)**

7      **C. VINCENT CHOKEN (0070530)**

      *Choken Welling LLP*

8      3020 W. Market Street

      Akron, Ohio 44333

9      Tel. (330) 865 – 4949

      Fax (330) 865 – 3777

10     davidw@choken-welling.com

      vincec@choken-welling.com

11

12     **JOHN D. GUGLIOTTA, P.E., ESQ. (0062809)**

      *Law Offices of John D. Gugliotta, P.E., Esq., LPA*

13     3020 W. Market Street

      Akron, Ohio 44333

14     Tel. (330) 253 – 2225

      Fax (330) 253 – 6658

15     johng@inventorshelp.com

16

17     *Counsel for the Plaintiff*

18

19

20

21

22

23

24

25

26

**CERTIFICATE OF SERVICE**

      This is to certify that a copy of the foregoing was sent via the Court's electronic filing system to all counsel of record on the date electronically time-stamped above.


                    **_/s/ David A. Welling_**
                    **DAVID A. WELLING (0075934)**
                    **C. VINCENT CHOKEN (0070530)**

                    *Counsel for the Plaintiff*